
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDA HENDERSON,

    Plaintiff,

v.                                                  No. 1:19-cv-01002-KG-LF

BJ'S RESTAURANT, and
GL RESOLUTION SPECIALTY,

    Defendants.

## DEFENDANT BJ'S RESTAURANT'S MOTION FOR RULE 11 SANCTIONS

Defendant, BJ's Restaurant Operations Company incorrectly/incompletely identified by Plaintiff as "BJ's Restaurant" (*hereinafter* "BJ's"), by and through counsel Modrall, Sperling, Roehl, Harris, & Sisk, P.A. (Nathan T. Nieman and Lance D. Hough), moves the Court under Federal Rule of Civil Procedure 11 to strike Plaintiff's Motion to Remand ("Motion") [Doc. 9], filed November 22, 2019, and to impose sanctions against Plaintiff and her counsel for filing the clearly unsubstantiated Motion in bad faith.[1] Plaintiff's Motion has no evidentiary basis and constitutes harassment. In further support of this Motion, BJ's states the following:

## BACKGROUND

Plaintiff filed her Complaint in state court against BJ's and GL Resolution Specialty, claiming BJ's "is a business entity within the State of New Mexico" and GL Resolution Specialty "is a Foreign Limited Liability Company with its registered office in California." Exhibit A to Notice of Removal [Doc. 1-2 at p. 3], filed October 25, 2019. On October 25, 2019, BJ's filed in

---

[1] In accordance with Federal Rule of Civil Procedure 11(c)(2), BJ's counsel provided a copy of this Motion to Plaintiff's counsel on December 12, 2019 and contacted him again on January 3, 2020 and January 6, 2020 to request that Plaintiff withdraw her Motion to Remand in lieu of BJ's filing this Motion. *See* December 12, 2019 Letter from Nathan T. Nieman, *attached as* **Exhibit A**; January 3, 2020 e-mail from Lance D. Hough, *attached as* **Exhibit B**; January 6, 2020 e-mail from Nathan T. Nieman, *attached as* **Exhibit C**. BJ's counsel received no response.

1

this Court its Notice of Removal. *See* [Doc. 1]. On November 22, 2019, Plaintiff filed her Motion to Remand. *See* [Doc. 9]. On December 6, 2019, BJ's filed its Response to Plaintiff's Motion to Remand. *See* [Doc. 11]. As explained below, Plaintiff has no basis for remand and her motion to do so is in clear violation of the Rule 11 requirement to not file frivolous motions.

Plaintiff's Motion for Remand is based on her unsupported allegations that BJ's principal place of business is in New Mexico and "GL Resolution Specialty" is an existing entity that needed to consent to removal. First, as provided in BJ's Notice of Removal [Doc. 1] and Response to Motion to Remand [Doc. 11], BJ's principal place of business is in California. As Plaintiff's own exhibit to her Motion to Remand, the New Mexico Secretary of State's records reflect BJ's is a "Foreign Profit Corporation" with a Huntington Beach, California address for its mailing address, "Principal Office Outside of New Mexico", "Registered Office in State of Incorporation," and as the address for all directors and officers. Exhibit 3 to Motion [Doc. 9-3] at p. 2, filed on November 22, 2019. BJ's New Mexico address listed with the New Mexico Secretary of State is its restaurant in the Winrock Town Center near Uptown Albuquerque, New Mexico. *See id.* BJ's only operates restaurants in New Mexico; it has no corporate offices in New Mexico. Plaintiff's only evidence to support her allegation is the New Mexico Secretary of State's record reflecting a restaurant location as its "principal place of business *in New Mexico.*" Meanwhile, that same evidence indicates all other operations are directed out of a Huntington Beach, California headquarters.

Second, and more importantly, Plaintiff has re-asserted her false contention that "GL Resolution Specialty" is a proper party to this case with complete disregard to the evidence provided in BJ's Notice of Removal. She has made this assertion, again, despite the fact she has presented absolutely no evidence supporting her claim that "GL Resolution Specialty" is an entity, let alone, an entity that could be sued in this matter. Plaintiff's fast and loose approach is

emphasized by her indecision as to what she should call this non-existent party. For example, Plaintiff initially named "GL Resolution Specialty" and has now referred to both "GL Resolution Specialist" and "GL Resolution Specialty" as the name of this party throughout her Motion. Plaintiff's sole evidence in support of these contentions is an affidavit from her counsel's paralegal stating she "learned BJ's restaurant is self-insured and their insurance carrier is GL Resolution Specialty" and that she conferred with Michelle Hayden and received her contact information. *See* Ex. 1 to Motion [Doc. 9-1]. Plaintiff claims she served the complaint on "GL Resolution Specialty" by certified mailing process to Michelle Hayden, whose title is "GL Resolution Specialist." *See* Ex. 2 to Motion [Doc. 9-2]. The address at which Plaintiff served Ms. Hayden is the same Huntington Beach, California address where BJ's is headquartered. *See id*; Exhibit 3 to Motion [Doc. 9-3]; Exhibit A to Response to Motion to Remand [Doc. 11-1]. Meanwhile, as Plaintiff has already seen, Exhibit D to BJ's Notice of Removal is a letter from Michelle Hayden to Plaintiff on BJ's letterhead with "GL Resolution Specialist, Risk Management" listed immediately below Ms. Hayden's name ***as her job title as an employee of BJ's Restaurants, Inc***. Ex. D to Notice of Removal [Doc. 1-5]. Plaintiff has presented no other evidence regarding GL Resolution Specialty.

This Motion for Sanctions is based on Plaintiff's blatant lack of any evidence to support her Motion for Remand, particularly in light of the fact that the evidence clearly demonstrates the complete opposite—that removal is proper. In short, the allegations made by Plaintiff to support her Motion to Remand are false, unfounded, and clearly lack evidence.

## **RELEVANT LEGAL STANDARDS**

Federal Rule 11 sets out the requirements for pleadings, motions and other papers filed with the court. A violation of Rule 11 occurs when "a pleading is presented for any improper purpose; contains claims or contentions not warranted by existing law or by a nonfrivolous

3

argument for extension or reversal of existing law; contains allegations or factual contentions that lack evidentiary support; or contains denials of factual contentions that are not warranted on the evidence." *Montoya v. Burro Alley Partners, Ltd.*, CIV 07-0031 JH/RHS, 2008 WL 11451930, at *4 (D.N.M Feb. 5, 2008) (citing Fed. R. Civ. P. 11(b)(1)-(4)). Rule 11(b)(3) requires that claims must be based upon facts alleged with "evidentiary support" or, if lacking such support, to specifically state the belief that evidentiary support can be found through further investigation. "A court may impose Rule 11 sanctions if a party presents a pleading (1) to harass or delay, or that, to the best of the party's knowledge, is (2) not well-grounded in fact or (3) warranted by existing law or a good argument for the extension, modification, or reversal of existing law." *Hale v. GEO Group, Inc.*, 2012 WL 12910520, at *1 (D.N.M. Mar. 29, 2012) (citing Fed. R. Civ. P. 11(b); *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993)).

Under Federal Rule 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may…impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." *See* Fed. R. Civ. P. 11(c); *Allemand v. City of Las Vegas*, No. CIV 06-858 WJ/WDS, 2008 WL 11409870, at *2 (D.N.M. Feb. 1, 2008).

## **ARGUMENT**

Plaintiff's Motion to Remand has violated Federal Rule 11 because Plaintiff's claims for remanding lack evidentiary support and are without merit pursuant to Rule 11(b)(3). Subpart C of Rule 11 allows for sanctions on any attorney, law firm, or party that violates this Rule. Accordingly, BJ's is asking for sanctions against Plaintiff and Plaintiff's counsel due to the completely unfounded nature of Plaintiff's Motion to Remand.

**I.  Plaintiff's counsel filed Plaintiff's Motion knowing it lacks any evidentiary support and nonetheless falsely alleged it is BJ's who is acting objectively unreasonable.**

"Rule 11 requires parties (or their attorneys, for those who have them) to conduct a reasonable investigation into the facts that they believe will support their claims, and into the laws that they believe will provide them with a legal basis for seeking relief from the court." *Sieverding v. Colorado Bar Ass'n.*, 2003 WL 22400218, at *27 (D.Colo. October 14, 2003); *see Marley v. Wright*, 968 F.2d 20, *2 (10th Cir. 1992) (unpublished) ("Under Rule 11, the signer of a pleading certifies that he has conducted a reasonable inquiry into the factual and legal basis for the filing, and that the substance of the pleading is well grounded in fact and law."). More important, "Plaintiffs' counsel has a continual obligation 'to refrain from pursuing meritless or frivolous claims at any stage of the proceeding.'" *Collins v. Daniels*, No. 1:17-CV-00776-RJ, 2018 WL 1671599, at *5 (D.N.M. Jan. 4, 2018), *quoting Merritt v. Int'l Ass'n of Machinists and Aerospace Workers,* 613 F.3d 609, 628 (6th Cir. 2010). As a result, an improper purpose under Rule 11 may be "inferred from an attorney's filing of factually or legally frivolous claims." *Thompson v. RelationServe Media, Inc.,* 610 F.3d 628, 665-66 (11th Cir. 2010) (internal citations and quotation marks omitted); *see Collins*, 2018 WL 1671599, at *5; *see also Daniels v. Stovall*, 660 F.Supp. 301 (S.D.Tex. 1987) (filing of frivolous complaint warranted payment of attorney fees as a sanction, and trial court entered order that prohibited plaintiff from filing any further cases until she had paid the attorney fees in full).

Under Rule 11, "when a party signs a pleading, the signature of that party serves as a certification that the party has conducted a reasonable inquiry into the facts and the law before the pleading was filed." *Sieverding*, 2003 WL 22400218, at *27; Fed. R. Civ. P. 11(b). "The signature

also serves as a certification that the investigation into the facts and law have provided the party with **both** facts **and** law that will support the claim that is being made. *Id.* (emphasis in original). "The certification requirement mandates that 'all signers consider their behavior in terms of the duty they owe to the court system to conserve its resources and avoid unnecessary proceedings.'" *Id.*, *quoting* 5A C. Wright & A. Miller, *Federal Practice & Procedure* § 1335, ¶ 57–58 (2d ed.1990).

The focus of Rule 11 is narrow, and "[i]t relates to the time of signing of a document and imposes an affirmative duty on each attorney and each party, represented or *pro se,* to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed." *Sieverding*, 2003 WL 22400218, at *28, *quoting Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991). In the case of *White v. General Motors Corp., Inc.*, the Tenth Circuit adopted the view that "an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990), *cited in Sieverding*, 2003 WL 22400218, at *28. "A good faith belief in the merit of an argument is not sufficient; the attorney's [or the party's] belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances. *Sieverding*, 2003 WL 22400218, at *28, *quoting White*, 908 F.2d at 680.

The standard to be applied is one of reasonableness under the circumstances. "'Subjective good faith—that is, a pure heart but empty head—is no defense.'" *Id.*, *quoting OTR Drivers at Topeka Frito–Lay, Inc. v. FritoLay, Inc.*, 160 F.R.D. 146, 149 (D.Kan. 1995). Here, the actions of Plaintiff's Counsel are irresponsible and sanctionable. Plaintiff and her counsel filed her Motion

6

to Remand in bad faith[2] because they did so without any factual support for her allegations that BJ's principal place of business is in New Mexico and "GL Resolution Specialty" exists.

### A. Plaintiff lacks any evidentiary support to claim BJ's principal place of business is in New Mexico.

First, regarding BJ's principal place of business, Plaintiff has no evidence that its nerve center is in New Mexico. The "'principal place of business' is best read as referring to the place *where a corporation's officers direct, control, and coordinate the corporation's activities*[,]" which is also known as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Plaintiff's only evidence to support her allegation is the New Mexico Secretary of State's records reflecting BJ's is a "Foreign Profit Corporation" with a California address for its mailing address, Principal Office Outside of New Mexico, Registered Office in State of Incorporation, and as the address for all Directors and Officers. Exhibit 3 to Motion [Doc. 9-3] at p. 2. Plaintiff's *own* exhibit is evidence that New Mexico is *not* the state where BJ's directors and officers perform their duties.

Plaintiff's only support is an unreasonable interpretation, which no competent attorney would believe under the circumstances, that the New Mexico Secretary of State's listing of "Principal Place of Business in New Mexico" automatically means BJ's Principal Place of Business for diversity purposes is in New Mexico. Plaintiff makes the logical fallacy of equating principal place of business *in New Mexico* as principal place of business *for all operations*. This is not a reasonable interpretation in light of the rest of her exhibit clearly demonstrating BJ's operates out of California. Furthermore, this is an unreasonable position in light of the fact that BJ's is well-known national chain restaurant with locations all across the country. It is not reasonable to believe

---

[2] "An allegation of bad faith is a representation to the Court that opposing counsel has done something he knows to be in violation of relevant court rules or which he knows is frivolous. It is an accusation that opposing counsel has acted unprofessionally." *Jornigan v. New Mexico Mut. Cas. Co.*, 228 F.R.D. 661, 663 (D.N.M. 2004)

BJ's "principal place of business in New Mexico" is BJ's nerve center because BJ's clearly directs operations out of its Huntington Beach, California headquarters and only has restaurant locations (not corporate offices) in New Mexico, and no reasonable attorney would conclude otherwise based on the evidence attached to BJ's Notice of Removal [Doc. 1] and Plaintiff's Motion to Remand [Doc. 9].

### B. Plaintiff lacks any evidentiary support to claim GL Resolution Specialty actually exists and is a party.

Second, and more importantly regarding "GL Resolution Specialty", Plaintiff has no evidence that it exists yet argues otherwise. GL Resolution Specialty was incorrectly named as a result of Plaintiff's counsel purportedly concluding Ms. Hayden's job title was in fact an entity. Plaintiff only provided an affidavit of Deborah Grant, Plaintiff's counsel's paralegal, stating, "I learned that BJ's Restaurant is self-insured, and their insurance carrier is GL Resolution Specialty" and that she conferred with "Michelle Hayden of GL Resolution Specialty, at the Risk Management Department." Exhibit 1 to Motion to Remand [Doc 9-1], filed on November 11, 2019. The self-insured status of BJ's, as alleged by Plaintiff, only supports the conclusion that GL Resolution Specialty is not a separate entity and certainly not BJ's "insurance carrier." While Plaintiff has demonstrated an ability to investigate and document the corporate information for BJ's as set forth in her Exhibit 3, s*ee* Exhibit 3 to Motion [Doc. 9-3], Plaintiff has not and cannot provide any secretary of state record demonstrating incorporation of "GL Resolution Specialty," despite alleging it "is a Foreign Limited Liability Company with its registered office in California." Exhibit A to Notice of Removal [Doc. 1-2 at p. 3]. This is because, as a California Secretary of State business search demonstrates, no such entity exists in California. *See* Exhibit B to Notice of Removal [Doc. 1-3]. Nor, has Plaintiff offered any other evidence to support such a proposition.

8

Indeed, the only premise of Plaintiff's contention is an unsupported assertion in an affidavit which is directly contrary to all of the actual evidence presented.

Plaintiff's inability to consistently identify the GL Resolution defendant, (referring to both "GL Resolution *Specialist*" and "GL Resolution *Specialty*" throughout the Motion) only exemplifies the fallacy of her naming the defendant. The only records including the words "GL Resolution Specialty" are records prepared by Plaintiff's counsel. The only remotely similar representation not prepared by Plaintiff's counsel is the letter from Ms. Hayden that shows "GL Resolution Specialist" immediately below her name ***as her job title*** as an employee of ***BJ's Restaurants, Inc.*** Exhibit D to Notice of Removal [Doc. 1-5]. Moreover, the address where Plaintiff served Ms. Hayden is the same Huntington Beach, California address where BJ's is headquartered. *See* Exhibit 2 to Motion [Doc. 9-2]; Exhibit 3 to Motion [Doc. 9-3]; Exhibit A to Response to Motion to Remand [Doc. 11-1]. Plaintiff has no evidence whatsoever to demonstrate "GL Resolution Specialty" exists.

No reasonable attorney would conclude "GL Resolution Specialty" is an entity because the only evidence clearly indicates GL Resolution Specialty does not exist and GL Resolution Specialist is a job title for Ms. Hayden (who is an employee of BJ's Restaurant, Inc.). *See id*. Yet, Plaintiff still filed her Motion to Remand after having an opportunity to review this explanation and Ms. Hayden's letter in BJ's Notice of Removal. *See* Notice of Removal [Doc. 1] at p. 2 ¶¶ 5-6. Thus, Plaintiff's Motion to Remand has violated Federal Rule 11 because Plaintiff's claims for remanding lack evidentiary support and are without merit pursuant to Rule 11(b)(3).

In addition, if Plaintiff is truly attempting to assert claims against an insurer in a slip and fall case, such claims are directly contrary to law, and therefore fraudulently asserted/joined. *See Williams v. Foremost Ins. Co.*, 102 F. Supp.3d 1230, 1236-37 (D.N.M. 2015) (determining plaintiff

9

was not third-party beneficiary under homeowners' insurance policy with right to pursue Trade Practices and Frauds Act claim against insurer, after discussing line of key New Mexico cases including *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69 (expanding third-party beneficiary status to victims of automobile accidents because of the very nature of mandatory automobile liability insurance intended to benefit the public); *Raskob v. Sanchez*, 1998-NMSC-045, ¶ 6, 126 N.M. 394, 970 P.2d 580 (distinguishing indemnification insurance from mandatory auto liability insurance); and *Jolley v. Associated Elec. & Gas Ins. Servs. Ltd.*, 2010-NMSC-029, ¶ 22, 148 N.M. 436, 237 P.3d 738 (refusing to extend special beneficiary status any further to lawsuits against excess liability insurers)). Thus, in addition to Plaintiff having no evidence that GL Resolution Specialty actually exists, Plaintiff's purported claim against the alleged defendant is also frivolous for lack of any legally cognizable claim against BJ's insurance provider.

## II. Sanctions are Proper and Appropriate.

Rule 11(c) allows a court, in the appropriate circumstances, to sanction attorneys, law firms and parties. *See*, *e.g., Union Planters Bank v. L & J Development Co.*, 115 F.3d 378, 384 (6th Cir. 1997). When determining if sanctions are warranted, courts use an objective standard based on whether a reasonable and competent attorney would believe in the merit of an argument or claim. *See Dodd Ins. Serv., Inc. v. Royal Ins. Co. of America*, 935 F. 2d 1152, 1155 (10th Cir. 1991); *White v. General Motors Corp., Inc.*, 908 F. 2d 675, 680 (10th Cir. 1990). Sanctions are limited to what will deter repetition of the conduct by the party at issue. Fed. R. Civ. P. 11(c)(4). The New Mexico Federal District Court has recognized a variety of possible Rule 11 sanctions, including "striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other education programs; ordering a fine payable to the court; [and] referring the

matter to disciplinary authorities." *Collins v. Daniels*, No. 1:17-CV-00776- RJ, 2018 WL 1671599, at *3 (D.N.M. Jan. 4, 2018). This includes imposing attorney's fees and costs. *Id.* at * 3 and *7.

The circumstances in this case justify striking Plaintiff's Motion to Remand and awarding BJ's its attorney's fees and costs associated with filing this Motion, along with responding to Plaintiff's Motion to Remand. Plaintiff's counsel not only had the opportunity to review all the evidence supporting removal that BJ's counsel attached to BJ's Notice of Remand, but also had the audacity to only attach an affidavit from his own paralegal simply stating she "learned" GL Resolution Specialty existed without any supporting evidence, but then seeks sanctions against BJ's in claiming it is BJ's who is misleading this Court. Furthermore, Plaintiff's counsel took the same hard line position regarding BJ's principal place of business despite the case law and his own evidence clearly supporting BJ's position. Plaintiff's counsel filed that Motion to Remand, knowing everything already provided in the Notice of Removal and disregarding the obvious evidence. Such actions run afoul of Rule 11 by disrespecting and harassing BJ's and, in the process, ignoring the obligations of Rule 11 in particular and the requirements of the Rules of Civil Procedure in general.

## CONCLUSION

No evidence exists in this case to support Plaintiff's Motion to Remand. These unfounded arguments are an attempt to improperly remand to state court and to improperly increase BJ's cost of defense in so doing. BJ's counsel acted in good faith by contacting Plaintiff's counsel before filing a Notice of Removal, responding to Plaintiff's Motion to Remand, and then writing Plaintiff's counsel to provide an opportunity to withdraw Plaintiff's Motion for Remand before filing this Motion. Nonetheless, Plaintiff's counsel refused to withdraw the completely unsubstantiated Motion to Remand, knowingly ignoring the Federal Rules of Civil Procedure and

this Court's Local Rules that require he not file frivolous motions. Plaintiff should not be allowed to abuse the judicial process and waste resources of the Court and BJ's. The Court should strike Plaintiff's Motion to Remand because of these false allegations, impose additional sanctions for abusing the judicial process, and grant further relief as the Court deems just and proper.

WHEREFORE, based on the foregoing, BJ's respectfully requests that the Court enter an Order:

1) Striking Plaintiff's Motion to Remand [Doc. No. 9];

2) Admonishing Plaintiff's counsel for violating Fed. R. Civ. P. 11;

3) Compelling Plaintiff's counsel to pay BJ's costs and attorneys' fees incurred in defending against the unsupported and harassing allegations raised in Plaintiff's Complaint against GL Specialty, Plaintiff's Motion to Remand and in filing this Motion; and

4) Granting such other and further relief as the Court deems just and proper.

                Respectfully submitted:

                MODRALL, SPERLING, ROEHL, HARRIS
                  & SISK, P.A.

By: */s/ Lance D. Hough*
    Nathan T. Nieman
    Lance D. Hough
    Post Office Box 2168
    Albuquerque, New Mexico 87103-2168
    Telephone: 505.848.1800
    Fax: 505.848.1889
    ntn@modrall.com
    ldh@modrall.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 7 day of January 2020, I filed the foregoing electronically through the CM/ECF system, which caused the parties, including the following counsel of record, to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

    Jacob J. Salazar
    THE SALAZAR LAW FIRM, P.C.
    P.O. Box 25582
    Albuquerque, New Mexico 87125
    Telephone: (505) 312-7605
    thesalazarlawfirm@gmail.com
    *Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: */s/ Lance D. Hough*
    Lance D. Hough