IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA HENDERSON,

    Plaintiff,

vs.                                                   Civ. No. 19-1002 KG/LF

BJ'S RESTAURANT and
GL RESOLUTION SPECIALTY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Remand, filed November 22, 2019. (Doc. 9). Defendant BJ's Restaurant (BJ's)[1] filed a response on December 6, 2019. (Doc. 11). Plaintiff did not file a reply.[2] Having reviewed the Motion to Remand and the response, the Court denies the Motion to Remand.

*I. Background*

In September 2018, Plaintiff, a New Mexico resident, slipped and fell at BJ's Albuquerque, New Mexico, restaurant. (Doc. 1-2) at 4, ¶¶ 10-17. After receiving "a report from our restaurant" regarding the fall, Michelle Hayden sent an October 1, 2018, letter, written on BJ's Restaurants, Inc. letterhead, to Plaintiff with her contact information. (Doc. 1-5). Hayden provided the following title under her signature line on the letter: "*BJ's Restaurants, Inc.* GL Resolution Specialist, Risk Management." *Id.* In addition, Hayden provided Plaintiff with her

---

[1] Plaintiff incorrectly named "BJ's Restaurant" as a Defendant. The correct name is "BJ's Restaurant Operations Company." (Doc. 11) at 1.

[2] In her notice of completion of briefing, Plaintiff states that the Motion to Remand is "ready for argument and/or a decision by this Court." (Doc. 12) at 1. Having reviewed the briefing filed by the parties, the Court finds that oral argument would not be helpful in deciding the Motion to Remand. Consequently, the Court decides the Motion to Remand on the briefs.

mailing address: 7755 Center Ave., Suite 300, Huntington Beach, CA 92647, which also appears on the BJ's Restaurants, Inc. letterhead. *Id.* Hayden gave Plaintiff her email address as well: mhayden@BJRI.com. *Id.*

Plaintiff subsequently filed a Complaint for Personal Injury (Complaint) in state court alleging negligence by BJ's and premises liability by BJ's and GL Resolution Specialty.[3] (Doc. 1-2) at 3-6. Plaintiff alleges in her Complaint that BJ's "is a business entity within the State of New Mexico," and "GL Resolution Specialty is a Foreign Limited Liability Company with its registered office in California." *Id.* at 3, ¶¶ 2- 3. Plaintiff served the Complaint on "GL Resolution Specialty, Risk Management" by mailing the summons and Complaint, c/o Michelle Hayden, to the Huntington Beach, California, address provided by Hayden. (Doc. 1-2) at 1-2, 9-10.

According to the California Secretary of State and the New Mexico Secretary of State, BJ's Restaurant Operations Company, an affiliate of BJ's Restaurants, Inc., is incorporated in California. (Doc. 1-6) at 1-2; (Doc. 11-1) at ¶¶ 2-3. The information from the California Secretary of State and the New Mexico Secretary of State shows that BJ's Restaurant Operations Company and its the directors and officers have the same Huntington Beach, California, address Hayden provided to Plaintiff. (Doc. 1-6) at 1 and 3. Also, BJ's Restaurants, Inc.'s vice president of risk management attests that BJ's Restaurant Operations Company's "main headquarters" and "nerve center where BJ's officers direct, control, and coordinate the corporation's overall activities, is located in the State of California at 7755 Center Avenue, Suite 300, Huntington Beach, CA 92647." (Doc. 11-1) at ¶ 4. The New Mexico Secretary of State further states that

---

[3] Interestingly, Plaintiff does not refer to "GL Resolution Specialty" in the Motion to Remand. Instead, she refers to "GL Resolution Specialists." The Court, however, will refer to GL Resolution Specialty since it is the named defendant.

BJ's Restaurant Operations Company has a "Principal Place of Business in New Mexico," namely the Albuquerque restaurant. (Docs. 1-6) at 2.

With respect to GL Resolution Specialty's business status, BJ's conducted a business search on the California Secretary of State's website for "GL Resolution Specialty." (Doc. 1-3). The search did not result in any entity by that name. *Id.* Deborah Grant, a paralegal for Plaintiff's counsel, attests that she also "caused an investigation to be performed into the circumstances surrounding GL Resolution Specialty." (Doc. 9-1) at 1, ¶ 4. Grant "learned" that BJ's is "self-insured" but its "insurance carrier is GL Resolution Specialty." *Id.* at 1-2, ¶ 6. Grant also conferred with "Michelle Hayden of GL Resolution Specialty, at the Risk Management Department," who gave Grant a claim number and the following mailing address: "GL Resolution Specialty, Risk Management, 7755 Center Ave., Suite 300, Huntington Beach, CA 92647." *Id.* at 2, ¶ 7. Additionally, Hayden provided Grant with the following email address: mhayden@BJRI.com. *Id.*

On October 25, 2019, BJs' filed a Notice of Removal without GL Resolution Specialty's consent. (Doc. 1) at 3, ¶ 8. BJ's based the removal on federal diversity subject matter jurisdiction. *See* 28 U.S.C. § 1441(b) (removal based on diversity jurisdiction); 28 U.S.C. § 1332(a) (diversity jurisdiction requires suit between "citizens of different States" and $75,000 amount in controversy). BJ's states in the Notice of Removal that the Court should not consider GL Resolution Specialty's alleged California citizenship because GL Resolution Specialty does not exist in California or anywhere else. *Id.* at 1-2, ¶¶ 3, 5. BJ's contends that Plaintiff incorrectly concluded that Hayden, a BJ's employee with the title of "GL Resolution Specialist," was associated with a separate claims entity, GL Resolution Specialty. *Id.* at 2, ¶ 6. BJ's notes that the address at which Plaintiff served GL Resolution Specialty is the BJ's address Hayden

3

provided to Plaintiff. *Id.* Accordingly, BJ's asserts that Plaintiff fraudulently joined GL Resolution Specialty and that it need not obtain consent from a non-existent entity to remove the case to federal court. *Id.* at 2-3, ¶¶ 7-8; *see also* 28 U.S.C. § 1446(b)(2)(A) (requiring consent to remove by all "properly joined" defendants). BJ's, therefore, concludes that complete diversity of citizenship exists between it, a California corporation with its principal place of business in California, and Plaintiff, a New Mexico citizen. (Doc. 1) at 4, ¶¶ 17 and 18. BJ's further concludes that the case meets the amount in controversy requirement for diversity jurisdiction because Plaintiff notified BJ's that she seeks more than $75,000 in damages for her injuries. *Id.* at 6, ¶ 22.

## II. *Plaintiff's Motion to Remand*

As an initial matter, Plaintiff notes that she will move to amend the Complaint to correctly name BJ's as "BJ's Restaurant Operations Company." (Doc. 9) at 5. Also, Plaintiff will move to amend the Complaint to add BJ's restaurant manager, a New Mexico resident at the time of Plaintiff's fall, as a defendant, which will destroy diversity of citizenship. *Id.* at 3, ¶ 9. At this time, Plaintiff has not filed a motion to amend the Complaint.

To support the Motion to Remand, Plaintiff argues first that BJ's did not obtain GL Resolution Specialty's consent to remove as required by 28 U.S.C. § 1446(b)(2)(A). Second, Plaintiff argues that BJ's Restaurant Operations Company is a New Mexico citizen, thereby destroying diversity of citizenship. Finally, if Plaintiff prevails on her Motion to Remand, she seeks an award of attorney's fees and costs. BJ's opposes the Motion to Remand in its entirety.

## III. *Discussion*

It is well-established that "[t]here is a presumption against removal jurisdiction … and the party seeking removal has the burden of proof to establish jurisdiction" by a preponderance

4

of the evidence. *Brazell v. Waite*, 525 Fed. Appx. 878, 881 (10th Cir. 2013) (citations omitted), *see also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (noting "that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence"). When the removing party bases the removal on federal diversity jurisdiction, the removing party must demonstrate that complete diversity of citizenship existed at the time of removal. *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1488 (10th Cir.1991) (stating that "the propriety of removal is judged on the complaint as it stands at the time of the removal").

Even if a removing party demonstrates federal diversity jurisdiction by a preponderance of the evidence, "[t]he failure of one defendant to join in the notice [of removal] renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan,* 504 F.Supp.2d 1170, 1172–73 (D.N.M. 2007) (citing *Cornwall v. Robinson,* 654 F.2d 685, 686 (10th Cir. 1981)). This consent requirement applies only to "properly joined" defendants. 28 U.S.C. § 1446(b)(2)(A).

*A. Whether BJ's was Required to Obtain Consent from GL Resolution Specialty to Remove this Matter*

Plaintiff argues first that the Court should remand this case because BJ's did not obtain GL Resolution Specialty's consent to remove the case, a procedural defect in the removal. BJ's asserts that it was not required to obtain consent from GL Resolution Specialty because GL Resolution Specialty does not exist. If GL Resolution Specialty is a California entity, as Plaintiff asserts, BJ's argues that Plaintiff fraudulently joined GL Resolution Specialty in order to destroy complete diversity of citizenship. BJ's contends that it need not obtain consent to remove from a fraudulently joined defendant and that the Court, therefore, should not consider GL Resolution Specialty's alleged California citizenship in determining diversity of citizenship.

5

*1. Does GL Resolution Specialty Exist?*

Although Plaintiff alleges in the Complaint that GL Resolution Specialty is a California limited liability company, she does not provide any evidence to that effect, such as a California business registration document. In fact, as noted above, a California Secretary of State business search did not result in any entity called "GL Resolution Specialty."

Furthermore, the October 1, 2018, letter does not indicate that Hayden worked for an entity known as "GL Resolution Specialty." First, the letterhead belongs to "BJ's Restaurants, Inc.," not GL Resolution Specialty. Second, Hayden's title is "*BJ's Restaurants, Inc.* GL Resolution Specialist, Risk Management." (Doc. 1-5). Contrary to Plaintiff's contention, this title does not demonstrate that Hayden worked for an entity called "GL Resolution Specialty." Instead, a common sense reading of the title shows that Hayden worked for BJ's Restaurants, Inc. as a GL resolution specialist in BJ's Restaurants, Inc.'s risk management department. In addition, Hayden's mailing address matches BJ's mailing address on its letterhead. Also, the abbreviation in Hayden's email address, mhayden@ BJRI.com (emphasis added), corresponds with an abbreviation for BJ's Restaurants, Inc., BJRI, not an abbreviation for GL Resolution Specialty, GLRS.

Furthermore, Grant's affidavit does not provide evidence that GL Resolution Specialty exists. For instance, that Grant "learned" that BJ's is self-insured contradicts Grant's statement that she also "learned" that GL Resolution Specialty is BJ's insurance carrier. A self-insurance plan is one "under which a business maintains its own special fund to cover any loss," i.e., "there is no contract with an insurance company." INSURANCE, *Black's Law Dictionary* (11th ed. 2019). Consequently, if BJ's is self-insured, as Grant maintains, it would not have an insurance carrier. Moreover, the fact that Grant conferred with "Michelle Hayden of GL Resolution

6

Specialty, at the Risk Management Department," and received a claim number from her does not necessarily establish that GL Resolution Specialty is BJ's insurance carrier, especially since Grant states that BJ's is self-insured. Notably, Hayden provided Grant a mailing address belonging to BJ's. Also, Hayden provided Grant an email address, mhayden@BJRI.com, that, as described above, appears to belong to BJ's Restaurants, Inc., not GL Resolution Specialty.

The above evidence demonstrates, by a preponderance, that GL Resolution Specialty does not actually exist. Hence, BJs could not have obtained GL Resolution Specialty's consent to remove. The Notice of Removal, therefore, is not procedurally defective.

### 2. If GL Resolution Specialty Exists, did Plaintiff Fraudulently Join GL Resolution Specialty?

A defendant may remove a case to federal court based on diversity subject matter jurisdiction absent complete diversity of citizenship if the plaintiff fraudulently joined a nondiverse party in the state action to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991) (stating that if plaintiffs joined non-diverse defendants "without good faith, defendant may remove on the grounds of fraudulent joinder").

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). That burden of proof requires "clear and convincing evidence." *Pampillonia*, 138 F.3d at 461. In determining whether a defendant has met that burden of proof, the Court is not "compelled to believe whatever the plaintiff says in his complaint." *Brazell*, 525 Fed. Appx. at 881. Instead, "federal courts may look beyond the pleadings to determine if the joinder, although

7

fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, Rock Island and Pac. R.R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967).

"To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing*, LP, 648 F.3d 242, 249 (5th Cir. 2011)). In this case, BJ's asserts the second type of fraudulent joinder.

In deciding if a plaintiff engaged in the second type of fraudulent joinder, "the test is 'whether the defendant has demonstrated that there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *McGrath v. City of Albuquerque*, 2015 WL 4994735, at *19 (D.N.M.) (emphasis added) (citations omitted). This fraudulent joinder standard "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced." *Montano v. Allstate Indemnity Co.*, 211 F.3d 1278, 2000 WL 525592, at *2 (10th Cir.) (quoted in *McGrath*, 2015 WL 4994735, at *17).

BJ's cites *Williams v. Foremost Ins. Co.*, a New Mexico federal case, to support its fraudulent joinder argument. 102 F. Supp. 3d 1230 (D.N.M. 2015). In *Williams*, the plaintiff tripped and fell on a patio located outside a mobile home belonging to her friends. The plaintiff in that case sued the insurer of the mobile home as a third-party beneficiary to recover damages caused by the fall. The defendant insurance carrier, Foremost Ins. Co., correctly pointed out, "New Mexico law has carved out narrow exceptions for third-party beneficiary status such as for

8

claimants on workers' compensation policies and automobile liability policies." *Id.* at 1236. Relying on that New Mexico law, the Court concluded that "[i]t is undisputed that [the plaintiff] is not an insured under the Foremost policy, and under New Mexico law she cannot be an intended third-party beneficiary of the policy." *Id.* at 1238. Applying *Williams* to this slip and fall case, one could conclude that even if GL Resolution Specialty is an insurance carrier for BJ's, Plaintiff, as a third-party beneficiary, cannot sue GL Resolution Specialty, i.e., Plaintiff has no cause of action against GL Resolution Specialty under New Mexico law.

Even resolving any factual and legal issues in favor of Plaintiff, including that GL Resolution Specialty exists, the facts and the above law provide clear and convincing evidence that Plaintiff has no possibility of recovery from GL Resolution Specialty. If GL Resolution Specialty does not exist, as the Court concludes *supra*, Plaintiff obviously has no possibility of recovery against GL Resolution Specialty. *See Talkington v. New York Life Ins. & Annuity Corp.*, 2017 WL 782502, at *2 (W.D. Okla.) (concluding that plaintiff fraudulently joined "legal non-entity" that "could not face suit"). BJ's, thus, has carried its heavy burden of proving that Plaintiff fraudulently joined GL Resolution Specialty. Consequently, BJ's was not required to obtain GL Resolution Specialty's consent to remove on that basis and the Court must disregard GL Resolution Specialty's alleged California citizenship in determining diversity of citizenship.

*B. Whether BJ's is a Citizen of New Mexico*

For diversity purposes, "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business…." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has defined "principal place of business" as follows:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the

9

> place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Although Plaintiff does not dispute that BJ's Restaurant Operations Company is incorporated in California, Plaintiff argues that the New Mexico Secretary of State indicates that BJ's Restaurant Operations Company has its principal place of business in Albuquerque, New Mexico. This argument fails for several reasons. First, both the California Secretary of State and the New Mexico Secretary of State note that BJ's Restaurant Operations Company, its officers, and its directors have a Huntington Beach, California, address, not a New Mexico address. Second, although the New Mexico Secretary of State indicates that BJ's Restaurant Operations Company's "Principal Place of Business in New Mexico" is Albuquerque, New Mexico, the New Mexico Secretary of States does not state that BJ's Restaurant Operations Company's principal place of business is in New Mexico, the critical fact necessary to establishing a corporation's citizenship. Finally, undisputed evidence from BJ's Restaurants, Inc.'s vice president of risk management shows that BJ's Restaurant Operations Company has its "main headquarters" and "nerve center" in Huntington Beach, California, where its "officers direct, control, and coordinate the corporation's overall activities…." (Doc. 11-1) at ¶ 4. Indeed, the above evidence demonstrates by a preponderance that BJ's principal place of business is in California, the state of its incorporation. Hence, BJ's California citizenship is completely diverse from Plaintiff's New Mexico citizenship.

*C. Whether Plaintiff's Intent to Amend the Complaint to Add a Non-Diverse Defendant Warrants a Remand*

Plaintiff also suggests that a remand is appropriate because she plans to move to amend the Complaint to add a non-diverse defendant, BJ's New Mexico restaurant manager. As stated above, the removing party must demonstrate complete diversity of citizenship at the time of removal. Accordingly, any future motion to amend the Complaint to add a non-diverse defendant does not affect the Court's decision that complete diversity of citizenship existed at the time of removal.

*IV. Conclusion*

First, BJ's did not need to obtain GL Resolution Specialty's consent to remove because it does not exist. Second, if GL Resolution Specialty exists, Plaintiff fraudulently joined GL Resolution Specialty. Accordingly, BJ's did not need to obtain consent to remove from GL Resolution Specialty on that ground and the Court had to disregard GL Resolution Specialty's alleged California citizenship in deciding whether diversity of citizenship existed at the time of removal. Third, BJ's is a citizen of California, thereby establishing complete diversity between it and Plaintiff at the time of removal. Finally, Plaintiff's intent to move to amend the Complaint to add a non-diverse defendant has no bearing on that complete diversity of citizenship. For the foregoing reasons, including that this lawsuit meets the requisite amount in controversy, the Court determines that it has federal diversity subject matter jurisdiction over this lawsuit. Consequently, the Court denies Plaintiff's request to remand this matter to state court. In light of this ruling, the Court also denies Plaintiff's request for an award of attorney's fees and costs.

IT IS ORDERED that Plaintiff's Motion to Remand (Doc. 9) is denied.

_____
UNITED STATES DISTRICT JUDGE