IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA HENDERSON,

    Plaintiff,

vs.                                                                Civ. No. 19-1002 KG/LF

BJ'S RESTAURANT and
GL RESOLUTION SPECIALTY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant BJ's Restaurant's (BJ's) Motion for Rule 11 Sanctions (Motion for Sanctions), filed January 7, 2020.[1] (Doc. 13). Plaintiff filed a response on January 22, 2020, and BJ's filed a reply on February 5, 2020. (Docs. 14 and 15).

BJ's moves under Fed. R. Civ. P. 11 to strike Plaintiff's Motion to Remand (Doc. 9), admonish Plaintiff's counsel for violating Rule 11(b)(3), and to compel Plaintiff's counsel to pay attorneys' fees and costs "incurred in defending against the unsupported and harassing allegations raised in Plaintiff's Complaint against GL Resolution [sic], Plaintiff's Motion to Remand and in filing this Motion" for Sanctions. (Doc. 13) at 12.

Plaintiff opposes the Motion for Sanctions and requests that the Court grant the Motion to Remand, admonish BJ's counsel for violating Rule 11, and compel BJ's counsel to pay Plaintiff's attorney's fees and costs incurred in filing the Motion to Remand and defending against the Motion for Sanctions. (Doc. 14) at 8-9.

---

[1] Plaintiff incorrectly named "BJ's Restaurant" as a Defendant. The correct name is "BJ's Restaurant Operations Company." (Doc. 13) at 1.

On April 13, 2020, the Court denied the Motion to Remand. (Doc. 17). Accordingly, BJ's request to strike the Motion to Remand and Plaintiff's request to grant the Motion to Remand are now moot and not subject to consideration by the Court.

Having reviewed the Motion for Sanctions and the accompanying briefs, the Court denies Plaintiff's request to impose Rule 11 sanctions on BJ's counsel and grants the Motion for Sanctions as described herein.

*I. Background*

In September 2018, Plaintiff, a New Mexico resident, slipped and fell at BJ's Albuquerque, New Mexico, restaurant. (Doc. 1-2) at 4, ¶¶ 10-17. After receiving "a report from our restaurant" regarding the fall, Michelle Hayden sent an October 1, 2018, letter, written on BJ's Restaurants, Inc. letterhead, to Plaintiff with her contact information. (Doc. 1-5). Hayden provided the following title under her signature line on the letter: "*BJ's Restaurants, Inc.* GL Resolution Specialist, Risk Management." *Id.* In addition, Hayden provided Plaintiff with her mailing address: 7755 Center Ave., Suite 300, Huntington Beach, CA 92647, which also appears on the BJ's Restaurants, Inc. letterhead. *Id.* Hayden gave Plaintiff her email address as well: mhayden@BJRI.com. *Id.*

On October 11, 2018, Plaintiff's counsel wrote a letter to Hayden noting her title as "GL Resolution Specialist, Risk Management." (Doc. 14-1). Plaintiff's counsel included in the reference line "**Your Insured: BJ's Restaurant**." *Id.* In that letter, Plaintiff's counsel informed Hayden of his representation of Plaintiff and sought written confirmation of "coverage and the fact that you accept responsibility for this incident on behalf of your insured" as well as a claim number, among other things. *Id.*

Plaintiff subsequently filed a Complaint for Personal Injury (Complaint) in state court alleging negligence by BJ's and premises liability by BJ's and GL Resolution Specialty.[2] (Doc. 1-2) at 3-6. Plaintiff alleges in her Complaint that BJ's "is a business entity within the State of New Mexico," and "GL Resolution Specialty is a Foreign Limited Liability Company with its registered office in California." *Id.* at 3, ¶¶ 2- 3.

On October 25, 2019, BJs' filed a Notice of Removal without GL Resolution Specialty's consent to remove. (Doc. 1) at 3, ¶ 8. BJ's based the removal on federal diversity subject matter jurisdiction. *See* 28 U.S.C. § 1441(b) (removal based on diversity jurisdiction); 28 U.S.C. § 1332(a) (diversity jurisdiction requires suit between "citizens of different States" and $75,000 amount in controversy). BJ's states in the Notice of Removal that the Court should not consider GL Resolution Specialty's alleged California citizenship because GL Resolution Specialty does not exist in California or anywhere else. (Doc. 1) at 1-2, ¶¶ 3, 5. BJ's contends that Plaintiff incorrectly concluded that Hayden, a BJ's employee with the title of "GL Resolution Specialist," was associated with a separate claims entity, GL Resolution Specialty. *Id.* at 2, ¶ 6. Accordingly, BJ's asserts that Plaintiff fraudulently joined GL Resolution Specialty and that it need not obtain consent from a non-existent entity to remove the case to federal court. *Id.* at 2-3, ¶¶ 7-8; *see also* 28 U.S.C. § 1446(b)(2)(A) (requiring consent to remove by all "properly joined" defendants). BJ's, therefore, concludes that diversity of citizenship exists between it, a California corporation with its principal place of business in California, and Plaintiff, a New Mexico citizen. (Doc. 1) at 4, ¶¶ 17 and 18; *see also* 28 U.S.C. § 1332(c)(1) (corporation is citizen of state of incorporation and state "where is has its principal place of business"). BJ's further concludes

---

[2] Plaintiff no longer refers to GL Resolution Specialty in her response to the Motion for Sanctions. Instead, she refers to "GL Resolution Specialists." The Court, however, will refer to GL Resolution Specialty since it is the named defendant.

that the case meets the amount in controversy requirement for diversity jurisdiction because Plaintiff notified BJ's that she seeks more than $75,000 in damages for her injuries. *Id.* at 6, ¶ 22.

BJ's attached to the Notice of Removal documents indicating that Plaintiff served the Complaint on "GL Resolution Specialty, Risk Management" by mailing the summons and Complaint, c/o Michelle Hayden, to the Huntington Beach, California, address provided by Hayden. (Doc. 1-2) at 1-2, 9-10.

BJ's also attached material from the websites of the California Secretary of State and the New Mexico Secretary of State. According to the California Secretary of State and the New Mexico Secretary of State, BJ's Restaurant Operations Company Inc. is incorporated in California. (Doc. 1-6) at 1-2. The information from the California Secretary of State and the New Mexico Secretary of State shows that BJ's Restaurant Operations Company and its directors and officers have the same Huntington Beach, California, address Hayden provided to Plaintiff. (Doc. 1-6) at 1 and 3. Moreover, the New Mexico Secretary of State indicates that BJ's Restaurant Operations Company has a "Principal Place of Business in New Mexico," namely in Albuquerque. (Doc. 1-6) at 2. On the other hand, a California Secretary of State internet business search for "GL Resolution Specialty" resulted in no entity by that name. (Doc. 1-3).

On November 22, 2019, Plaintiff filed her Motion to Remand arguing first that the Notice of Removal is procedurally defective because BJ's did not obtain GL Resolution Specialty's consent to remove. Second, Plaintiff argued that BJ's Restaurant Operations Company is a New Mexico citizen with its principal place of business in New Mexico, thereby destroying diversity of citizenship. Plaintiff also mentioned that she planned to amend the Complaint to include a

4

non-diverse defendant. Finally, if Plaintiff prevailed on her Motion to Remand, she sought an award of attorney's fees and costs.

As support for the Motion to Remand, Plaintiff attached an affidavit by Deborah Grant, a paralegal for Plaintiff's counsel. Grant attested that she "caused an investigation to be performed into the circumstances surrounding GL Resolution Specialty." (Doc. 9-1) at 1, ¶ 4. Grant "learned" that BJ's is "self-insured" but its "insurance carrier is GL Resolution Specialty." *Id.* at 1-2, ¶ 6. Grant also conferred with "Michelle Hayden of GL Resolution Specialty, at the Risk Management Department," who gave Grant a claim number and the following mailing address: "GL Resolution Specialty, Risk Management, 7755 Center Ave., Suite 300, Huntington Beach, CA 92647." *Id.* at 2, ¶ 7. Hayden also provided Grant with the following email address: mhayden@BJRI.com.[3] *Id.*

BJ's filed a response on December 6, 2019, opposing the Motion to Remand. (Doc. 11). The response included an affidavit by BJ's Restaurants, Inc.'s vice president of risk management who attested that BJ's Restaurant Operations Company's "main headquarters" and "nerve center where BJ's officers direct, control, and coordinate the corporation's overall activities, is located in the State of California at 7755 Center Avenue, Suite 300, Huntington Beach, CA 92647." (Doc. 11-1) at ¶ 4. Plaintiff did not file a reply so Plaintiff did not contest that affidavit.

On December 12, 2019, BJ's counsel wrote Plaintiff's counsel regarding the Motion to Remand noting that the Motion to Remand violates Rule 11 because it "is unfounded, lacks evidence, and is extremely inappropriate." (Doc.13-1) at 1. BJ's counsel further informed Plaintiff's counsel that, in accordance with Rule 11(c)(2), BJ's was serving Plaintiff with a copy

---

[3] Plaintiff's counsel states that he "is willing to call" Grant to testify about her conversation with Hayden "so that the Court can determine her veracity and truthfulness." (Doc. 14) at 7. The Court accepts Grant's veracity for the purpose of deciding the Motion for Sanctions. Consequently, there is no need to obtain Grant's live testimony.

5

of the Motion for Sanctions and that BJ's would not file the Motion for Sanctions if Plaintiff withdrew the Motion to Remand within 21 days of the letter.[4] *Id.*

Having received no response to the December 12, 2019, letter, BJ's counsel emailed Plaintiff's counsel on January 3, 2020, to inform him that the email serves as a "final notice to withdraw [the] Motion for Remand [sic]" and that Plaintiffs failure to do so will result in BJ's filing the Motion for Sanctions on January 6, 2020. (Doc. 13-2) at 1. Plaintiff's counsel did not respond to that email. Instead of filing the Motion for Sanctions on January 6, 2020, BJ's counsel emailed Plaintiff's counsel that day to inform him that BJ's "really would rather not have to file the Motion for Sanctions" and that BJ's wanted to give him "another chance to consider withdrawing the Motion to Remand before" filing the Motion for Sanctions. (Doc. 13-3) at 1. BJ's counsel further stated that BJ's would "wait until tomorrow afternoon to file." *Id.* Plaintiff's counsel did not respond to this email, either, so BJ's filed its Motion for Sanctions on January 7, 2020. (Doc. 13).

The Court subsequently denied the Motion to Remand. The Court agreed with BJ's that GL Resolution Specialty does not exist and, thus, BJ's could not obtain GL Resolution Specialty's consent to remove. The Court further concluded that, if GL Resolution Specialty exists, Plaintiff fraudulently joined GL Resolution Specialty. For that additional reason, BJ's did not need GL Resolution Specialty's consent to remove. Having concluded Plaintiff fraudulently joined GL Resolution Specialty, the Court did not consider GL Resolution Specialty's alleged California citizenship in determining diversity of citizenship. The Court then agreed with BJ's that it is solely a California citizen and not a New Mexico citizen. Accordingly, the Court

---

[4] Rule 11(c)(2) states, in pertinent part, that a movant must serve a motion for sanctions but not file the motion for sanctions "if the challenged paper, claim, defense, contention, or denial is withdrawn … within 21 days after service…." This 21-day provision is known as a "safe harbor" provision.

determined complete diversity of citizenship existed at the time of removal, notwithstanding Plaintiff's intent to move to file an amended Complaint adding a non-diverse defendant. In sum, the Court concluded that it has federal diversity subject matter jurisdiction over this lawsuit. Considering that conclusion, the Court also denied Plaintiff's request for an award of attorney's fees and costs.

## II. Discussion

### A. Plaintiff's Request that the Court Impose Rule 11 Sanctions on BJ's Counsel

To move for Rule 11 sanctions, Plaintiff must make a motion for sanctions "separately from any other motion…." Fed. R. Civ. P. 11(c)(2). Plaintiff's request in her response to impose Rule 11 sanctions does not fulfill the separate motion requirement. *See CMG Worldwide Inc.*, 962 F. Supp. 308, 312-13 (N.D. N.Y. 1997) (holding that plaintiffs failed to follow proper Rule 11 procedures requiring separate motion when they requested sanctions in response).

Even if the Court construes Plaintiff's request for Rule 11 sanctions as a separate motion, Rule 11(c)(2) requires Plaintiff to wait 21 days from the service of the motion for sanctions to file the motion. This waiting period would allow BJ's to withdraw or correct the Motion for Sanctions. Fed. R. Civ. P. 11(c)(2). The Tenth Circuit strictly construes this safe harbor provision, noting that

> [t]he safe harbor provisions were intended to protect litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formalize procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourage the withdrawal of papers that violate the rule without involving the district court. Thus, a failure to comply with them should result in the rejection of the motion for sanctions.

*Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006), *cert. denied*, 128 S. Ct. 69 (2007) (internal quotation marks, citation, and brackets omitted). Plaintiff has not complied with the safe harbor

provision as well. In light of the above Rule 11 procedural violations, the Court denies Plaintiff's request to impose Rule 11 sanctions on BJ's counsel.

### B. BJ's Motion for Sanctions

"[T]he award of Rule 11 sanctions involves two steps. The district court first must find that a pleading violates Rule 11." *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir.), *cert. denied,* 140 S. Ct. 203, *reh'g denied,* 140 S. Ct. 567 (2019) (quoting *Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir. 1988)). "The second step is for the district court to impose an appropriate sanction." *Id.* (quoting *Adamson*, 855 F.2d at 672). Courts have "broad discretion to impose Rule 11 sanctions." *King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990)).

#### 1. Whether Plaintiff's Counsel Violated Rule 11(b)(3)

"Rule 11 'imposes ... an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing.'" *Collins*, 916 F.3d at 1320 (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991)). Accordingly, "[i]f, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law, then such conduct is sanctionable under Rule 11." *Adamson*, 855 at 673; *see also Collins*, 916 F.3d at 1320 (explaining that court "evaluate[s] [an attorney's] conduct under a standard of objective reasonableness— whether a reasonable attorney admitted to practice before the district court would file such a document") (quotation omitted). Thus, courts do not consider bad or good faith in deciding whether to impose Rule 11 sanctions. *See White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990) ("A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances."). In fact, courts

"employ an objective standard 'intended to eliminate any empty-head pure-heart justification for patently frivolous arguments.'" *Collins*, 916 F.3d at 1320 (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment) (internal quotation marks omitted).

Rule 11(b)(3) states that by presenting the Court with a written motion, an attorney

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

BJ's argues Plaintiff's counsel violated Rule 11(b)(3) by failing to provide any evidentiary support for her claims that (1) GL Resolution Specialty actually exists, and (2) BJ's principal place of business is in New Mexico.

### a. GL Resolution Specialty's Existence

Plaintiff's counsel maintains that he made the claim about GL Resolution Specialty's existence in good faith. Good faith, however, is irrelevant to the Rule 11 inquiry. Plaintiff's counsel also relies on Grant's affidavit to support his contention that GL Resolution Specialty is a California insurer. Even so, Plaintiff's counsel now asserts that he does not know where GL Resolution Specialty (or Specialists) is incorporated. Plaintiff's counsel intimates that further investigation and discovery will determine the state of incorporation.

First, the Court assumes, *arguendo*, that prior to the filing of the Notice of Removal, Plaintiff's counsel reasonably believed that GL Resolution Specialty is a California entity because Hayden provided Grant with a claim number and a California address. The Notice of Removal, however, rebutted that belief with evidence from the California Secretary of State that no California business with the name "GL Resolution Specialty" exists. Instead of heeding that evidence or conducting additional research on GL Resolution Specialty as a reasonable attorney would do, Plaintiff's counsel, nonetheless, continued to argue in the Motion to Remand that GL

9

Resolution Specialty is a business located in California. *See* (Doc. 9) at 2, ¶ 3; (Doc. 9-1) at 2, ¶ 7.

Second, as explained in the Memorandum Opinion and Order denying the Motion to Remand, neither the October 1, 2018, letter from Hayden to Plaintiff nor Grant's affidavit provide evidence that GL Resolution Specialty exists. (Doc. 17) at 6. A reasonable attorney considering that letter and Grant's affidavit, in addition to the California Secretary of State's internet report that no business with the name "GL Resolution Specialty" exists, likewise, would not conclude that GL Resolution Specialty exists. At the very least, a reasonable attorney would have further investigated GL Resolution Specialty, which Plaintiff's counsel did not do.

Aside from the above evidence, Plaintiff's counsel contends that "it is plausible that if GL Resolution Specialists is a separate entity from BJ's Restaurants, then GL Resolution Specialists may be incorporated in another state." (Doc. 14) at 7. However, that contention, along with the above evidence, does not convince the Court that "a reasonable opportunity for further investigation or discovery" will confirm GL Resolution Specialty's existence. Fed. R. Civ. P. 11(b)(3). Without a more persuasive argument for investigation and discovery, the Court concludes that Plaintiff's counsel failed to make a reasonable inquiry into GL Resolution Specialty's existence, such as conducting an internet search, before filing the Motion to Remand. That lack of reasonable inquiry violates Rule 11(b)(3).

BJ's further notes that even if GL Resolution Specialty exists as BJ's insurance carrier, under New Mexico law, Plaintiff, as a third-party beneficiary of that alleged insurance, cannot sue GL Resolution Specialty. *See Williams v. Foremost Ins. Co.*, 102 F. Supp.3d 1230, 1236-38 (D.N.M. 2015) (concluding in slip and fall case that "[i]t is undisputed that [the plaintiff] is not an insured under the Foremost policy, and under New Mexico law she cannot be an intended

third-party beneficiary of the policy"). Plaintiff's counsel does not contest the applicability of *Williams* to the claim against GL Resolution Specialty.

Under Rule 11(b)(2), an attorney also violates Rule 11 by presenting a claim not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law…." Plaintiff's counsel's failure to argue that the claim against GL Resolution Specialty is warranted, notwithstanding *Williams*, evidences a violation of Rule 11(b)(2) as well.

### b. BJ's Principal Place of Business

Plaintiff's counsel asserts that he has ample evidentiary support for his assertion that BJ's principal place of business is in New Mexico, thereby making it a New Mexico citizen for diversity purposes. Plaintiff's counsel points to the statement by the New Mexico Secretary of State that BJ's "Principal Place of Business in New Mexico" is in Albuquerque. Plaintiff's counsel further notes that BJ's "counsel *admitted* that BJ's Restaurant's principal place of business is in New Mexico for one restaurant." (Doc. 14) at 5. In the alternative, Plaintiff's counsel states that investigation and discovery will allow him "to learn more about BJ's Restaurants." *Id.* at 6. Plaintiff's counsel maintains that he did not act in bad faith by asserting that BJ's principal place of business is in New Mexico.

Again, whether Plaintiff's counsel acted in good or bad faith does not bear on the Rule 11 reasonableness inquiry. The United States Supreme Court in *Hertz Corp. v. Friend*, defined "principal place of business" as the "corporation's 'nerve center,'" i.e., "the place where a corporation's officers direct, control, and coordinate the corporation's activities…." 559 U.S. 77, 92–93 (2010). Prior to filing the Motion to Remand, Plaintiff's counsel had the following relevant information: the October 1, 2018, letter from Hayden to Plaintiff written on BJ's

11

Restaurants, Inc.'s letterhead containing the Huntington Beach, California, address, and the information provided by both the California Secretary of State and the New Mexico Secretary of State that BJ's Restaurant Operations Company and its directors and officers have the same Huntington Beach, California, address, that appears on BJ's Restaurants, Inc.'s letterhead. The Court is unsure if Plaintiff's counsel had at that time BJ's counsel's admission that BJ's has just one New Mexico restaurant. Regardless, considering the above evidence and *Hertz*, a reasonable attorney would not find that the New Mexico Secretary of State's statement that BJ's "Principal Place of Business in New Mexico" is in Albuquerque, the location of BJ's sole New Mexico restaurant, constitutes evidence that BJ's corporate "nerve center" is in New Mexico. To the contrary, a reasonable attorney assessing the information Plaintiff's counsel had prior to filing the Motion to Remand would conclude that BJ's corporate "nerve center" and, thus, principal place of business, is in California.

Moreover, Plaintiff's counsel has not convinced the Court that his assertion that BJ's principal place of business is in New Mexico "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Specifically, Plaintiff's counsel does not contest the attestations by BJ's Restaurants, Inc.'s vice president of risk management that BJ's Restaurant Operations Company's "main headquarters" and "nerve center" is in California.

For all of the foregoing reasons, the Court concludes that Plaintiff's counsel violated Rule 11(b)(3) by failing to reasonably inquire into the facts and the law before asserting in the Motion to Remand that BJ's principal place of business is in New Mexico.

*2. What Sanctions Should the Court Impose Against Plaintiff's Counsel*

Having determined that Plaintiff's counsel violated Rule 11, the Court must now determine what appropriate sanctions to impose on Plaintiff's counsel for those violations. Rule 11(c)(1) provides that "the court may impose an appropriate sanction on any attorney" that has violated Rule 11. Sanctions can include "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). The Court determines that sanctions against Plaintiff's counsel consisting of BJ's reasonable attorneys' fees and costs incurred in responding to the Motion to Remand and filing this Motion for Sanctions is appropriate.

In considering what amount of monetary sanctions to impose under Rule 11, courts must consider at least (1) the reasonableness (lodestar calculation) of the requested attorney's fees; (2) the minimum amount necessary to deter misconduct; (3) the offending party's ability to pay the monetary sanction; and (4) other factors like "the offending party's history, experience, and ability, the severity of the violation, … and the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances." *White,* 908 F.2d at 684-85. BJ's does not propose any specific amount of attorneys' fees and costs that the Court should impose against Plaintiff's counsel. Accordingly, the Court will require briefing on that issue.

IT IS ORDERED that

1. Plaintiff's request for Rule 11 sanctions against BJ's counsel is denied;

2. Defendant BJ's Restaurant's Motion for Rule 11 Sanctions (Doc. 13) is granted;

3. the Court will award BJ's reasonable attorneys' fees and costs it incurred in responding to the Motion to Remand (Doc. 19) and in bringing this Motion for Sanctions (Doc. 13);

4. Plaintiff's counsel will pay the award of reasonable attorneys' fees and costs, not Plaintiff;

5. BJ's must serve and file a brief establishing those reasonable attorneys' fees and costs no later than 14 days after the entry of this Memorandum Opinion and Order;

6. BJ's must support that brief with appropriate affidavits and concurrent time records, *see* D.N.M. LR-Cv 54.5;

7. Plaintiff has 14 days from the filing of BJ's brief to oppose the reasonableness of the requested award of attorneys' fees and costs; and

8. BJ's has 14 days from the filing of Plaintiff's opposition to file a reply.

_____
UNITED STATES DISTRICT JUDGE