**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LINDA HENDERSON,

  Plaintiff,

 v.                   No. 1:19-cv-01002-KG-LF

BJ'S RESTAURANT, and
GL RESOLUTION SPECIALTY,

  Defendants.

## DEFENDANT BJ'S RESTAURANT'S MEMORANDUM BRIEF FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS

As directed in this Court's April 13, 2020 Memorandum Opinion and Order [Doc. 18], Defendant, BJ's Restaurant Operations Company[1] (*hereinafter* "BJ's") hereby submits this Memorandum Brief to establish the reasonable attorneys' fees and costs it incurred in responding to Plaintiff's Motion to Remand and in bringing its Motion for Sanctions.

As the Court noted in its Memorandum Opinion and Order granting sanctions, "Rule 11(c)(1) provides that 'the court may impose an appropriate sanction on any attorney' that has violated Rule 11. Sanctions can include 'part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.'" [Doc. 18] at p. 13. Having awarded BJ's reasonable attorneys' fees and costs it incurred in responding to Plaintiff's Motion to Remand and in bringing its Motion for Sanctions, the Court must determine the amount of reasonable attorneys' fees and costs awarded under the lodestar calculation. *See* Memorandum Opinion and Order [Doc. 18] at p. 13 (*citing White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990)). The "lodestar" is a calculation based on "the number of hours worked multiplied by the prevailing hourly

---

[1] Incorrectly/incompletely identified by Plaintiff as "BJ's Restaurant."

rates...." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010). Administration of the lodestar method to determine a reasonable fee incudes (1) assessing "the prevailing market rates in the relevant community[,]" (2) whether the fee is "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case[,]" (3) that the "lodestar method yields a fee that is presumptively sufficient to achieve this objective[,]" and (4) "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee[.]" *Fallen v. GREP Sw., LLC*, 247 F. Supp. 3d 1165, 1189–90 (D.N.M. 2017).

As provided in the attached Declaration of Nathan T. Nieman, the amount of attorneys' fees of $6,842.06 and costs of $1.10 incurred were reasonable and necessary to properly respond to the Motion to Remand and seek Rule 11 Sanctions to hold Plaintiff's counsel responsible and deter similar actions in the future. The hourly rates for BJ's attorneys of $260.00 for a partner and $185.00 for an associate are reasonable and well within the prevailing market rates in the relevant community, adequate to induce competent representation, and are presumptively sufficient and reasonable. *See, e.g., O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1055 (D.N.M. 2018)(Browning, J.)(finding in an administrative case that $200 is a reasonable rate for associate attorneys and $350 is a reasonable rate for attorneys in administrative proceedings); *Fallen v. GREP Sw., LLC*, 247 F. Supp. 3d 1165, 1198 (D.N.M. 2017)(Browning, J.)(finding rates of $375 and $225 per hour in a landlord-tenant case involving federal and state consumer protection claims reasonable); *Copar Pumice Co. v. Morris*, No. CIV 07-0079 JB/ACT, 2012 WL 2383667, at *21 (D.N.M. June 13, 2012)(Browning, J.)(concluding that (i) $235.00 per hour for partners; (ii) $200.00 per hour for senior associates; (iii) $150.00 per hour for other associates; and (iv) $75.00 per hour for paralegals to be reasonable rates); *Avendano*

*v. Smith*, No. 11-0556, 2011 WL 5822733, at *2 (D.N.M. Nov. 3, 2011)(Browning, J.)(finding rates of $180.00 per hour reasonable); *Mountain Highlands, LLC v. Hendricks*, No. 08-0239, 2010 WL 1631856, at *9–10 (D.N.M. Apr. 2, 2010)(Browning, J.)(approving an hourly rate of $170.00 to $210.00 per hour as reasonable for commercial litigation); *Allahverdi v. Regents of Univ. of N.M.*, No. 05-0277, 2006 WL 1304874, at *2 (D.N.M. Apr. 25, 2006)(Browning, J.)(finding hourly rate of $225.00 reasonable in a public-employment dispute); *Kelley v. City of Albuquerque*, No. 03-0507, 2005 WL 3663515, at *15–17 (D.N.M. Oct. 24, 2005)(Browning, J.)(finding $250.00 per hour to be a reasonable rate in an employment dispute).

## **CONCLUSION**

For the foregoing reasons, BJ's respectfully requests an award of its attorney's fees and costs for a total amount of $6,843.16 to be paid by Plaintiff's counsel.

        Respectfully submitted:

        MODRALL, SPERLING, ROEHL, HARRIS
         & SISK, P.A.

        By: */s/ Lance D. Hough*
          Nathan T. Nieman
          Lance D. Hough
          Post Office Box 2168
          Albuquerque, New Mexico 87103-2168
          Telephone: 505.848.1800
          Fax: 505.848.1889
          ntn@modrall.com
          ldh@modrall.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of April 2020, I filed the foregoing electronically through the CM/ECF system, which caused the parties, including the following counsel of record, to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

    Jacob J. Salazar
    THE SALAZAR LAW FIRM, P.C.
    P.O. Box 25582
    Albuquerque, New Mexico 87125
    Telephone: (505) 312-7605
    thesalazarlawfirm@gmail.com
    *Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: */s/ Lance D. Hough*
    Lance D. Hough