IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA HENDERSON,

    Plaintiff,

vs.                                                  Civ. No. 19-1002 KG/LF

BJ'S RESTAURANT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon "Defendant BJ's Restaurants' Memorandum Brief for an Award of Attorneys' Fees, Litigation Expenses and Costs" (BJ's Brief), filed April 27, 2020, in which BJ's requests an award of $6,843.16. (Doc. 21).

On April 13, 2020, the Court granted "Defendant BJ's Restaurant's Motion for Rule 11 Sanctions" (Motion for Sanctions) (Doc. 13). *See* (Doc. 18). The Court stated that it would award Defendant BJ's Restaurant (BJ's) "reasonable attorneys' fees and costs it incurred in responding to the Motion to Remand (Doc. 19) and in bringing [the] Motion for Sanctions (Doc. 13) …." (Doc. 18) at 13, ¶ 3. Also, the Court ordered that "Plaintiff's counsel[, Jacob Salazar,] will pay the award of reasonable attorneys' fees and costs, not Plaintiff…." *Id.* at 14, ¶ 4. Additionally, the Court ordered BJ's to "serve and file a brief establishing those reasonable attorneys' fees and costs no later than 14 days after the entry of [the] Memorandum Opinion and Order…." *Id.* at ¶ 5. The Court further ordered that "Plaintiff has 14 days from the filing of BJ's brief to oppose the reasonableness of the requested award of attorneys' fees and costs…." *Id.* at ¶ 7.

BJ's complied with the Court's order when it filed BJ's Brief.  Mr. Salazar, however, did not file a brief in opposition to BJ's Brief.  Consequently, the Court assumes that Mr. Salazar consents to BJ's request for an award of $6,843.16.  *See* D.N.M. LR-Cv 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  Even so, the Court will independently review BJ's request for attorneys' fees and costs for reasonableness.

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Courts make the lodestar calculation by multiplying the attorney's reasonable hourly rate by the number of hours the attorney reasonably expended.  *Id.*

The movant bears the burden of showing that the requested hourly rate is consistent with the prevailing rates in the community. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) (stating that "party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" (citation omitted)). Furthermore, the movant bears "the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).

Here, BJ's attached to BJ's Brief a "Declaration of Nathan T. Nieman," lead counsel for BJ's, as well as detailed and contemporaneously prepared billing records,[1] to demonstrate the reasonableness of its requested award. *See* (Doc. 21-1); (Doc. 21-2); *see also* D.N.M. LR-Cv 54.5 (in moving for award of attorney's fees, "[m]ovant must submit a supporting brief and evidence (affidavits and time records)"). Mr. Nieman attests in his declaration that he is a shareholder at Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Modrall), has been a lawyer for 11 years, and charges an hourly rate of $260.00. (Doc. 21-1) at ¶¶ 2, 3, and 11. Mr. Nieman also attests that Lance Hough, a Modrall associate lawyer who assisted Mr. Nieman in this case, has been a lawyer for four years and charges an hourly rate of $185.00. *Id.* at ¶¶ 4 and 11. Additionally, Mr. Nieman attests that he believes "the Modrall law firm has a solid reputation in the New Mexico legal community, as do the particular lawyers involved in this matter." *Id.* at ¶ 5. Moreover, Mr. Nieman presents a "review of available decisions from this Court [which] indicate[] that the rates charged on this matter are well within the range of rates charged by comparably skilled lawyers in New Mexico." *Id.* at ¶ 11.

Considering Mr. Nieman and Mr. Hough's legal experience, their purported reputations and Modrall's reputation generally, and the fee decisions from this Court, the Court finds that BJ's has carried its burden of demonstrating that the hourly rates charged by Mr. Nieman and Mr. Hough are consistent with the prevailing rates in the community. Consequently, the Court concludes that the hourly rates are reasonable.

Furthermore, having reviewed the contemporaneous and detailed billing records submitted by Mr. Nieman, the Court, likewise, finds that BJ's has carried its burden of

---

[1] The Court notes that BJ's redacted from the billing records entries, fees, and costs not associated with the Court's Memorandum Opinion and Order granting the Motion for Sanctions. (Doc. 21-1) at ¶ 6.

demonstrating that the time Mr. Nieman and Mr. Hough expended on responding to the Motion to Remand and in bringing the Motion for Sanctions is reasonable.[2] *See* (Doc. 21-2). Costs also reasonably amount to $1.10 for a PACER search. *Id.* at 9.

Multiplying the reasonable hourly rates by the reasonable number of hours expended on responding to the Motion to Remand and in bringing the Motion for Sanctions, plus the gross receipts tax, results in a lodestar amount of $6,842.06. Mr. Salazar does not rebut the presumption that this lodestar amount reflects reasonable attorneys' fees. Therefore, the Court will award BJ's $6,842.06 in attorneys' fees and $1.10 in costs for a total award of $6,843.16, the requested award.

IT IS ORDERED that

1. BJ's is awarded reasonable attorneys' fees and costs in the amount of $6,843.16, as ordered by the Court in its Memorandum Opinion and Order (Doc. 18); and

2. Plaintiff's attorney, Jacob Salazar, must pay BJ's $6,843.16 no later than July 31, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Mr. Nieman expended 3.4 hours and Mr. Hough expended 29.5 hours.